UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY W. SUMMERVILLE, 03-A-2566,

                       Plaintiff,

      -vs-

ELIEEN FACIUNA, *et al.*,

                      Defendants.

ORDER DENYING APPOINTMENT OF COUNSEL

05-CV-6459 CJS

_____

**Siragusa, J.** Before the Court is plaintiff's application for appointment of counsel, dated April 26, 2007, and received on April 30, 2007. In addition to requesting counsel, plaintiff also asks for an extension of time to submit a response to defendants' pending motion for summary judgment.

The Court set forth the standard for appointment of counsel in a civil case in its decision and order denying plaintiff's motion to appoint counsel, entered on August 8, 2006. In his current application, plaintiff states that since he is "in the box" and unable to go to the library, and cannot obtain help from anyone else "in the box area" because it is not permitted, he needs appointed counsel.

As the Court stated in its earlier order, there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d

1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

To respond to the pending motion, plaintiff must address defendants' statement of facts to indicate whether there is a material issue of fact. If a material issue of fact exists, then Federal Rule of Civil Procedure 56 precludes summary judgment. If not, then plaintiff must address the Eighth Amendment standards. In that regard, to prove deliberate indifference to serious medical needs, plaintiff must first allege a "sufficiently serious deprivation of medical treatment." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). This deprivation must be reasonably likely to result in death, degeneration, or extreme pain. *Id.*; *see also Harrison v. Barkley*, 219 F.3d 132 (2d Cir.2000). Next, the plaintiff must allege facts "tending to show that the defendant acted with a sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Disputes about the proper course of treatment do not create a constitutional claim, and "[s]o long as the treatment given is adequate, the fact that the prisoner might prefer a different treatment does not give rise to an Eight Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998). Further, with regard to plaintiff's claim that the conditions of his confinement constituted an Eighth Amendment violation, the Supreme Court has defined the contours of the constitutional protection against cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment, as follows:

> The Eighth Amendment's ban on inflicting cruel and unusual punishments … "proscribe[s] more than physically barbarous punishments." … It prohibits penalties that are grossly disproportionate to the offense … as well as those that transgress today's "'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"

*Hutto v. Finney*, 437 U.S. 678, 685 (1978) (citations omitted); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As the Supreme Court observed in *Rhodes*,

> No static "test" can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). The Court has held, however, that "Eighth Amendment judgments should neither be nor appear to be merely the subjective views" of judges. *Rummel v. Estelle*, 445 U.S. 263, 275 (1980). To be sure, "the Constitution contemplates that in the end [a court's] own judgment will be brought to bear on the question of the acceptability" of a given punishment. *Coker v. Georgia, supra*, 433 U.S., at 597, 97 S.Ct., at 2868 (plurality opinion); *Gregg v. Georgia, supra*, 428 U.S., at 182, 96 S.Ct., at 2929 (joint opinion). But such "'judgment[s] should be informed by objective factors to the maximum possible extent.'" *Rummel v. Estelle, supra*, 445 U.S., at 274-275, 100 S.Ct., at 1139, *quoting Coker v. Georgia, supra*, at 592, 97 S.Ct., at 2866 (plurality opinion).

*Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Thus, the legal standards are not complex and can, without much difficulty, be applied to the facts. Plaintiff has not indicated any difficulties with discovery, and presumably is well aware of whether defendants' statement of facts is complete and accurate.

Therefore, it does not appear that plaintiff's situation warrants assignment of counsel, and his motion to appoint counsel is, therefore, denied. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

SO ORDERED.

Dated: May 3, 2007
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge